DOOLEY (UNITED STATES v.). See Case No. 14,984.

## Case No. 3,998.

### DOOLEY v. VIRGINIA FIRE & MARINE INS. CO.

[2 Hughes, 482.] [1]

District Court, E. D. Virginia. Aug. 8, 1877.

BANKRUPTCY—FORECLOSURE OF DEED OF TRUST—INJUNCTION.

Where a debtor who has made a deed of trust securing the payment of promissory notes is adjudged bankrupt after the notes have matured for payment, the custody of his estate passes to the bankruptcy court, the power of the trustees under the deed is dissolved, and there can be no sale for foreclosure except by the order of the bankruptcy court, or by leave given to sell by that court.

In equity. Bill of injunction [by James H. Dooley against the Virginia Fire & Marine Insurance Company]. Reasonable previous notice having been given, motion was made for a preliminary injunction; the bill being still at rules, and the cause not to mature until the fall term. The defendants filed their answer on the day of the motion.

The facts of the case, so far as bearing upon the motion now made, were as follows: On the 3d of December, 1872, Asa Snyder purchased a half-acre lot of ground in the "burnt district of Richmond," of Dunlop, Moncure & Co. They paid $10,000 thereon in cash, and gave five notes for about $2,000 each, payable at long intervals, for the residue of the purchase money. The notes were secured by deed of trust on the ground. The buildings of a large foundry have been erected on the lot by the firm of Asa Snyder & Co. Snyder and his firm have been adjudicated bankrupts, and the complainant, Dooley, was made trustee in bankruptcy of the estate of the bankrupts and their firm. There is a dispute whether the first four notes were paid at their maturity in such manner as to extinguish the lien of the trust deed. They are now held by the defendants in this bill, the Virginia Fire & Marine Insurance Company. The trustee claims that the notes were in fact extinguished; but that is the principal question to be determined at the

hearing of the cause when it shall have matured for that purpose. On the 2d day of May, 1877, on the petition of creditors, the adjudication was made declaring the firm and its members bankrupts, and in due course of proceeding the complainant, Dooley, was appointed trustee of their estate in bankruptcy. Notwithstanding this adjudication, the trustees named in the trust deed securing the notes which have been mentioned, afterwards advertised the lot of ground to be sold on the 14th day of August, 1877, in pursuance of the terms of the deed, and for the purpose of satisfying its provisions. Whereupon the trustee in bankruptcy, Dooley, filed his bill of injunction on the equity side of this court, and after notice moves for a preliminary injunction to stop and prevent the sale.

HUGHES, District Judge. This is not a hearing of the case on its merits on the bill and answer. That cannot be until the cause is matured for the October term. This is simply a hearing of the motion for a preliminary injunction. The only matter before me now is the motion for a preliminary injunction. The property advertised to be sold is a part of the estate of the bankrupts, Asa Snyder & Co. As such it is in the custody of the district court. That court, under section 711, has exclusive jurisdiction of all matters in bankruptcy; and, under section 4972, the exclusive power of the court extends "to the ascertainment and liquidation of the liens and other specified claims" upon the property, which is the subject of controversy in the bill and answer. That being so, how could the trustees named in the deed of trust constituting a lien upon this property, with any shadow of legal propriety, have advertised it for sale without authority from the district court? Their sale would be invalid if it was made. If they had applied to the court, and there had been no objection made by the trustee in bankruptcy, it would, as a matter of course, have appointed them special commissioners, and directed them to sell as nearly as practicable according to the provisions of the trust deed. But, in the absence of such authorization from the court, they cannot sell; and, if they sold, the sale would be invalid. I must enjoin the sale, and then the question would be, whether a special order should be made appointing the trustees who have advertised, special commissioners of the court, with instructions to sell according to the terms of the deed.

But there is one objection to this course. An order of sale will be given, but now is not the proper time for it. Clear as the case of the defendant might now appear to me, I cannot prejudge it against the complainant, who may have important evidence to submit at the final hearing which may change its whole aspect. There is even now a question as to the amount of the lien existing on the property. While such question exists, we

---

[1] [Reported by Hon. Robert Hughes, District Judge, and here reprinted by permission.]

are prohibited by the rules and usages of all equity courts from directing or authorizing a sale of the property. There shall be very little delay in ordering a sale, probably, by the trustees under the trust deed, as special commissioners; but we must have a hearing on the merits, on bill and answer, beforehand, based on a report settling the liens and their priorities. The preliminary injunction must be granted.

[For further proceedings in this cause, see Case No. 3,999.]